Steven P. Kelly, Esquire
STERN & EISENBERG, P.C.
1120 Route 73, Suite 400
Mount Laurel, NJ 08054
609-397-9200 (Telephone)
856-667-1456 (Fax)
skelly@sterneisenberg.com
Attorney for Secured Creditor, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8

| | | |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY |
| | : | COURT FOR THE DISTRICT |
| Edith M. Farina | : | OF NEW JERSEY |
| | : | |
| Debtor(s) | : | Bankruptcy No. 24-17517-MBK |
| | : | |
| | : | Chapter 13 |
| | : | |
| | : | Hearing Date: August 6, 2025 at 09:00 a.m. |

**CERTIFICATION OF THE BAN KOF NEW YORK FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS,INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-8 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-8 TO DEBTOR EDITH M. FARINA'S MOTION FOR CERTIFICATION OF APPEAL OF A FEDERAL QUESTION AND INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b).**

**AND NOW COMES**, Secured Creditor, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8, requesting that this Honorable Court deny the Motion for Certification of a Federal Question and Interloctory Appeal, and in support thereof states:

1.      I am the attorney for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8 in the above-captioned Chapter 13 case, and I make this

Certification from personal knowledge in support of the Certification in Opposition to the Motion for Certification of a Federal Question and Interloctory Appeal filed by Debtor Edith M. Farina.

## FACTUAL BACKGROUND

### I. HISTORY OF THE NOTE AND MORTGAGE

2. On or about May 2, 2007, Edith Farina aka Edith M. Farina (hereinafter, the "***Debtor***") executed and delivered that certain Interest Only Fixed Rate note in the original principal amount of $1,000,000.00 to Countrywide Home Loans, Inc. (hereinafter, the "***Note***"). *See*, Claims Register 5-1, Page 19 of 52.

3. To secure the obligations under the note, Debtor and Emilio Farina (hereinafter, the "***Co-Debtor***") executed and delivered a certain mortgage in the original principal amount of $1,000,000.00 to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Country wide Home Loans, Inc. (hereinafter, the "***Mortgage***") as to real property located at 35 Mahlon Court, Toms River Township, NJ 08753 (hereinafter, the "***Property***"). *See*, Claims Register 5-1, Page 22 of 52.

4. The Mortgage was duly recorded with the Clerk of Ocean County on June 6, 2007, in Book 13663, Page 1213, Instrument Number 2007077741. *See*, Claims Register 5-1.

5. On or about August 24, 2017, Debtor and Co-Debtor executed and delivered to Bank of America, N.A, a Loan Modification Agreement with a new Interest Bearing Principal Balance of $1,402,701.70 (hereinafter, the "***LMA***"). *See*, Claims Register 5-1, Page 35 of 52.

6. The LMA had an Effective Date of June 1, 2017 and the first payment due under the LMA was due and owing commencing July 1, 2017. *See*, Claims Register 5-1, Page 39 of 52.

7. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-

Through Certificates, Series 2007-8 (hereinafter, the "**Secured Creditor**") is the current holder of the Note and the assignee of the Mortgage. *See*, Claims Register 5-1, Page 33 of 52.

## II.    FORECLOSURE PROCEEDINGS

8.    On March 8, 2013, Secured Creditor caused to be filed a Complaint in Mortgage Foreclosure in the Superior Court of New Jersey, Ocean County Vicinage, which was captioned as "*The Bank of New York Mellon fka the Bank of new York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 3007-8 Mortgage Pass-Through Certificates, Series 2007-8 v. Edith Farina, Emilio Farina, Husband and Wife, et al.*," which was assigned case number F-007665-13 (hereinafter, "**Foreclosure Action 1**").

9.    Secured Creditor voluntarily dismissed Foreclosure Action 1 on May 1, 2013.

10.    Debtor and Co-Borrower subsequently filed an Answer to Foreclosure Action 1 on August 26, 2014 despite the prior voluntary dismissal of the action.

11.    Subsequently, Secured Creditor caused to be filed a Complaint in Mortgage Foreclosure on June 12, 2014, which was captioned as "*The Bank of New York Mellon fka the Bank of new York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 3007-8 Mortgage Pass-Through Certificates, Series 2007-8 v. Edith Farina, Emilio Farina, Wife and Husband, et al.*," which was assigned case number F-023828-14 (hereinafter, "**Foreclosure Action 2**").

12.    Debtor and Co-Borrower filed an Answer in Foreclosure Action 2 on September 3, 2014.

13.    On February 20, 2015, Secured Creditor filed a Motion for Summary Judgment, which was ultimately granted by the state court on May 7, 2015.

14.    Following entry of an Order Granting Summary Judgment in Foreclosure Action 2, an Uncontested Judgment in Foreclosure was entered by the state court on January 5, 2016.

15. Debtor and Co-Borrower, thereafter, appealed the Summary Judgment and Final Judgment Order as of February 29, 2016.

16. Prior to a sale of the Property, the parties entered into the LMA.

17. Secured Creditor subsequently dismissed Foreclosure Action 2 via Motion filed on November 27, 2017, which was granted by the state court on January 5, 2018.

18. On December 17, 2018, Secured Creditor caused to be filed a Complaint in Mortgage Foreclosure with the Superior Court of New Jersey, Ocean County Vicinage, which was captioned as "*The Bank of New York Mellon fka the Bank of new York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 3007-8 Mortgage Pass-Through Certificates, Series 2007-8 v. Edith Farina, Emilio Farina, et al.*" and assigned case number F-024744-18 (hereinafter, "***Foreclosure Action 3***").

19. Debtor and Co-Debtor filed a Contested Answer with Counterclaims on May 14, 2019 following the denial of a Motion to Dismiss filed in Foreclosure Action 3.

20. Secured Creditor filed a Motion for Summary Judgment on July 24, 2019.

21. On November 8, 2019, the state court issued an Order Granting Summary Judgment and Striking Defendant's Answer, Affirmative Defenses and Counterclaims. *See*, Docket Entry No. 39, Exhibit B.

22. After several additional years of litigation in Foreclosure Action 3, including an appeal, Secured Creditor submitted its Motion for Final Judgment (hereinafter, the "***FJ Motion***") on July 23, 2024.

23. The FJ Motion was subsequently denied by the state court due to the filing of a voluntary petition by the Debtor.

### III. ADDITIONAL LITIGATION

24. During the pendency of Foreclosure Action 2, Debtor and Co-Borrower filed an action for declaratory judgment against the Secured Creditor in the District Court of New Jersey on May 18, 2015, which was assigned case number 3:15-cv-03395-MAS-DEA (hereinafter, the "***District Court Action***").

25. The crux of the District Court Action was Debtor and Co-Borrower's attempt at challenging the Secured Creditor's status as a secured lender.

26. Secured Creditor, along with related defendants in the District Court Action, filed a Motion to Dismiss on July 17, 2015 pursuant to the *Colorado River* doctrine, the Declaratory Judgment Act, and various other legal doctrines.

27. The Motion to Dismiss the District Court Action was granted on October 14, 2015.

28. Debtor and Co-Debtor subsequently appealed the Dismissal to the Third Circuit on October 30, 2015, which was assigned case number 15-3679 (hereinafter, "***3C Appeal 1***").

29. 3C Appeal 1 was ultimately remanded back to the District Court for further proceedings.

30. Secured Creditor filed a second Motion to Dismiss the District Court Action on December 10, 2021, which was granted on July 29, 2022.

31. Following entry of the Order Granting Secured Creditor's Motion to Dismiss, Debtor and Co-Debtor filed a Motion to Alter or Amend Judgment on August 26, 2022.

32. The Debtor's Motion to Alter was denied by the District Court on November 28, 2022, which was appealed to the Third Circuit by Debtor and Co-Borrower as of December 15, 2022 (hereinafter, "***3C Appeal 2***").

33. On September 27, 2023, the Third Circuit entered Judgment in 3C Appeal 2 affirming the dismissal of the District Court Action.

## IV. BANKRUPTCY PROCEEDINGS

34. On July 30, 2024 (hereinafter, the "*Petition Date*"), Debtor caused to be filed a voluntary petition under Chapter 13 of Title 11 (hereinafter, the "*Bankruptcy Code*" or, more simply, the "*Code*"), which was assigned case number 24-17517-MBK.

35. On September 19, 2024, Debtor caused to be filed her Chapter 13 Plan (hereinafter, the "*Plan*"), which did not provide treatment of the Secured Creditor's lien on the Property. *See*, Docket Entry No. 23.

36. Instead, the Plan merely provides under Part 10 that "[m]ortgage [o]bjection to validity and classification of secured creditor claims filed, if any." *See*, Docket Entry No 23.

37. Secured Creditor filed an Objection to Confirmation on September 26, 2024 objecting to its treatment under the Plan and provided that the Plan is underfunded an infeasible. *See*, Docket Entry No. 28.

38. On October 8, 2024, Secured Creditor caused to be filed its Proof of Claim (hereinafter, the "*Claim*" evidencing a first mortgage lien on the Property in the amount of $2,047,094.57 and pre-petition arrears, as of the Petition Date, in the amount of $581,945.77. *See*, Docket Entry No. 5.

39. On October 23, 2024, Debtor caused to be filed a Motion Objecting to Claim as to the Secured Creditor's Claim on the Property on the basis that Secured Creditor lacked standing, committed fraud/misrepresentation and statute of limitations concerns (hereinafter, the "*Claims Objection*"). *See*, Docket Entry No. 33.

40. Debtor's case was initially dismissed on October 24, 2024, but later reinstated on December 12, 2024.

41.     On December 4, 2024, Secured Creditor filed an Opposition to the Claims Objection. *See*, Docket Entry No. 39.

42.     On March 12, 2025, a hearing was held on the Claims Objection and related matters, at which time, the Court dismissed Debtor's case for failure to prosecute while also denying, without prejudice, the Claims objection on the basis of abstention. *See*, Docket Entries Nos. 71-73.

43.     Debtor thereafter filed an Omnibus Motion for Reconsideration, Reinstatement, and to take Judicial Notice pursuant to Rule 9024, 60(b)(1), (2), (3) and (4) Rule 59 (e), and Evidence Rule 201 with Incorporation of Shellpoint's Concession and Supporting Notice Evidence and – Objection to Claims 3-1 and 5-1 to be Sustained and Case Reinstated (hereinafter, the "***Reconsideration Motion***") on March 27, 2025. *See*, Docket Entry No. 83.

44.     Prior to a hearing on the Reconsideration Motion, Debtor, now represented by separate counsel, filed a Motion Pursuant to FRE 201(e) to be heard on the propriety and scope of requested judicial notice (hereinafter, the "***201 Motion***"), which was filed on June 24, 2025.  *See*, Docket Entry No. 87.

45.     In addition, prior to the hearing on the Reconsideration Motion, Debtor filed a Notice of Emergent Motion for Certification of Federal Question and Interloctory Appeal pursuant to 23 U.S.C. § 1292(b) (hereinafter, the "***Appeals Motion***"), which was filed on July 15, 2025.  *See*, Docket Entry No. 91.

46.     The Court conducted a hearing on the Reconsideration Motion on July 16, 2025, at which time the Court denied the Reconsideration Motion.  *See*, Docket Entry No. 96.

## **LEGAL ARGUMENT**

47.     As a preliminary matter, Secured Creditor avers that the Appeals Motion should be denied for failure to comply with Local Rules of Bankruptcy Procedure.

48. To the extent that this Honorable Court is willing to allow the Appeals Motion to go forward, Secured Creditor avers that the Appeals Motion should still be denied as Debtor cannot satisfy the requirements of 28 U.S.C. § 158(d) as more fully set forth herein.

49. Debtor's Appeals Motion improperly cites to 28 U.S.C. § 1292(b) as the basis for the requested relief despite the fact that BAPCPA created a direct appeal under Section 158 of Title 11 nearly twenty (20) years ago.

50. Section 158(d)(2)(A) clearly states that "[t]he appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court… on the request of a party to the judgment, order, or decree described in such first sentence … certify that – (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions, or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken."

51. Secured Creditor avers that the Appeals Motion can readily be disposed of as there is no final judgment or order, pursuant to 28 U.S.C. § 158, as it relates to the Claims Objection, which is the crux of the Appeals Motion's "questions."

52. A review of the docket demonstrates that the only true Orders entered are the Dismissal Order and the Order Denying the Reconsideration Motion, which do not relate to the questions raised by the Debtor in the Appeals Motion.

53. The fact remains, despite Debtor's forum shopping, that the Bankruptcy Court did not render a decision – final or interlocutory – as to the Claims Objections filed by the Debtor in the now dismissed Bankruptcy Case.

54. As there is no final order or judgment as to the issues raised in the Appeals Motion, the Appeals Motion should be denied.

**WHEREFORE**, Secured Creditor, The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8, respectfully requests that this Honorable Court deny the Debtor's Motion for Certification of a Federal Question and Interloctory Appeal.

Respectfully submitted

**STERN & EISENBERG, P.C.**

Dated: July 30, 2025

**/s/ Steven P. Kelly**
Steven P. Kelly, Esquire
Attorney for Secured Creditor The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8