NOT FOR PUBLICATION

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
|---|---|
| In Re:<br>Edith M. Farina,<br>                    Debtor | |

Case No. 24-17517 (MBK)

Hearing Date: October 23, 2025

Chapter 13

Judge: Michael B. Kaplan

*All Counsel of Record*

## MEMORANDUM DECISION

Presently before the Court are three motions filed by Eric S. Landau, Esq., on behalf of Debtor, Edith M. Farina (the "Debtor" or "Movant"): (1) an emergent motion for certification of a federal question and interlocutory appeal pursuant to 29 U.S.C. § 1292(b) (ECF No. 91) (the "Appeals Motion"), (2) a supplemental motion to be heard on the propriety and scope of requested judicial notice under FED. R. EVID. 201(e) (ECF No. 87) (the "Judicial Notice Motion"), and (3) a motion to vacate order of dismissal in supplement to the motion for the court to take judicial notice (ECF No. 107) (the "Third Motion to Vacate") (collectively, with the Appeals Motion and the Judicial Notice Motion, the "Motions"). The Court has considered fully Movant's arguments and the record in this case. For the reasons that follow, the Court will **DENY** the Motions in their entirety.

I. **Jurisdiction**

The Court has jurisdiction over the contested matters under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. These matters are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

II. **Background and Procedural History**

On July 30, 2024, Edith M. Farina filed a Chapter 13 Voluntary Petition (the "Petition Date") assigned case number 24-17517-MBK (the "Bankruptcy Case"). On September 19, 2024, Debtor filed a Chapter 13 Plan for the Court's consideration (ECF No. 23), and a confirmation hearing was scheduled for October 9, 2024. In response, on September 26, 2024, an objection to the confirmation of the Chapter 13 Plan was filed by Steven P. Kelly, Esq., on behalf of the Bank of New York Mellon f/k/a the Bank of New York ("BNYM"), as trustee for the certificate holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust, 2007-8 Mortgage Pass-Through Certificates, Servies 2007-8 (ECF No. 28) (the "Chapter 13 Plan Objection"). As set forth in further detail below, BNYM is the current holder of the note and assignee of the mortgage for Debtor's property located at 35 Mahlon Court, Toms River, New Jersey 08753 (the "Property")[1]. BNYM objected to Debtor's Chapter 13 Plan because the Chapter 13 Plan did not provide any treatment of BNYM's lien on Debtor's Property. *Chapter 13 Plan Objection*, ECF No. 28. Subsequently, on October 8, 2024, BNYM filed a proof of claim evidencing a first mortgage lien on the Property in the amount of $2,047,094.57 and pre-petition arrears, as of the Petition Date, in the amount of $581,945.77 ("Claim 5-1").

---

[1] Debtor co-owns the Property with her husband, Emilio Farina (hereinafter "Co-Owner").

Page **2** of **20**

As acknowledged by both the Debtor and BNYM, the parties have an extensive history of litigating the validity of the assignment of the note and mortgage on the Property in both State Court and the District Court for the District of New Jersey. The pleadings in opposition to the Motions submitted by BNYM include a well-documented history of the foreclosure proceedings between the parties[2]. Specifically, on March 8, 2013, BNYM caused to be filed a complaint in mortgage foreclosure in the Superior Court of New Jersey, Ocean County, assigned case number F-00765-13 ("Foreclosure Action 1"). *See BNYM's Opposition to the Judicial Notice Motion*, ECF No. 90 at ¶ 8. BNYM voluntarily dismissed Foreclosure Action 1 on May 1, 2013. *Id*. at ¶ 9. Subsequently, on June 12, 2014, BNYM caused to be filed a second complaint in mortgage foreclosure, assigned case number F-023828 ("Foreclosure Action 2"). *Id*. at ¶ 11. Debtor and Co-Owner filed an answer to Foreclosure Action 2 on September 14, 2014. *Id*. at ¶ 12. On February 20, 2015, BNYM filed a motion for summary judgment, which the State Court granted on May 7, 2015. *Id*. at ¶ 13. Following the entry of an order granting the motion for summary judgment in Foreclosure Action 2, an uncontested judgment in foreclosure was entered by the State Court on January 5, 2016. *Id*. at ¶ 14. The Debtor and Co-Owner appealed the summary judgment and final judgment order on February 29, 2016. *Id*. at ¶ 15. Prior to the scheduled sale of the Property, on or about August 24, 2017, the parties entered into a loan modification agreement with Bank of America, N.A. ("LMA")[3] and BNYM subsequently sought dismissal of Foreclosure Action 2 by

---

[2] BNYM asserts nearly identical procedural history in its oppositions to the Motions. For purposes of referring to the foreclosure proceedings, this Court shall cite to BNYM's pleading in opposition to the Judicial Notice Motion (ECF No. 90).

[3] The Debtor and Co-Owner executed and delivered to Bank of America, N.A., a loan modification agreement, which is reflected in Claim 5-1.

motion on November 20, 2017, which was granted by the State Court on January 5, 2018. *Id*. at ¶ 16-17.

On December 17, 2018, BNYM caused to be filed a third complaint in mortgage foreclosure, assigned case number F-024744-18 ("Foreclosure Action 3"). *Id*. at ¶ 18. Following a denial of a motion to dismiss Foreclosure Action 3, Debtor and Co-Owner filed a contested answer with counterclaims on May 14, 2019. *Id*. at ¶ 19. BNYM filed a motion for summary judgment on July 24, 2019. *Id*. at ¶ 20. On November 8, 2019, the State Court issued an order granting summary judgment and striking Debtor's answer, affirmative defenses and counterclaims. *Id*. at ¶ 21. Ultimately, after several years of litigation in Foreclosure Action 3, including an appeal, BNYM submitted its motion for final judgment ("Final Judgment Motion") on July 23, 2024. *Id*. at ¶ 22. However, the State Court stayed the Final Judgment Motion upon learning of the Debtor's Bankruptcy Case. *Id*. at ¶ 23.

In addition to the foreclosure proceedings, during the pendency of Foreclosure Action 2, Debtor and Co-Owner filed an action for declaratory judgment against BNYM in the District Court for the District of New Jersey on May 18, 2015 (the "District Court Action"). *Id*. at ¶ 24. The central issue in the District Court Action was the Debtor's challenge to BNYM's standing as the secured lender. *Id*. at ¶ 25. In response, BNYM, along with related defendants, filed a motion to dismiss, which the District Court granted on October 14, 2015. *Id*. at ¶ 26-27. The Debtor and Co-Owner subsequently appealed the District Court Action dismissal to the Third Circuit on October 30, 2015 ("Third Circuit Appeal 1"). *Id*. at ¶ 28. Third Circuit Appeal 1 was remanded back to the District Court and BNYM filed a second motion to dismiss the District Court Action on December 10, 2021, which was granted on July 29, 2022. *Id*. at ¶ 29-30. Following the entry of the order granting BNYM's second motion to dismiss, the Debtor and Co-Owner filed a motion to alter or

amend judgment on August 26, 2022. *Id*. at ¶ 31. This motion was denied by the District Court on November 28, 2022, and as a result, the Debtor filed yet another appeal to the Third Circuit on December 15, 2022 ("Third Circuit Appeal 2"). *Id*. at ¶ 32. On September 27, 2023, the Third Circuit Court entered judgment in Third Circuit Appeal 2, affirming the dismissal of the District Court Action. *Id*. at ¶ 33.

Returning to the activity before this Court, on October 22, 2024, Debtor filed an objection to Claim 5-1 (ECF No. 33) (the "Claim Objection"). Thereafter, the confirmation hearing went forward on October 23, 2024. The Debtor participated at the hearing. At the conclusion of the hearing, the Court determined that dismissal of the Bankruptcy Case was appropriate for the following reasons: (i) the Debtor's failure to provide required documents to the Trustee prior to the § 341(a) meeting, resulting in the meeting not being held; (ii) the Debtor's failure to make all required pre-confirmation payments to the Trustee; and (iii) for lack of prosecution. *See First Dismissal Order*, ECF No. 35.

On October 24, 2024, in response to the Court's dismissal of the Case, Debtor filed a motion to vacate dismissal (ECF No. 36) (the "First Motion to Vacate"). A hearing on the First Motion to Vacate was scheduled for December 11, 2024, and the hearing on Debtor's Claim Objection was to occur concurrently. On December 4, 2024, BNYM filed its certification in opposition to Debtor's Claim Objection (ECF No. 39). On December 5, 2024, the Chapter 13 Trustee filed an objection to the First Motion to Vacate (ECF No. 40). On December 12, 2024, after considering the parties' submissions, the Court entered an Order granting the First Motion to Vacate (ECF No. 44) and a new confirmation hearing date was scheduled for January 29, 2025, to confirm a modified Chapter 13 Plan (the "Modified Plan"). Subsequently, the confirmation hearing

date was adjourned to March 12, 2025, and the hearing for Debtor's Claim Objection was adjourned to the same day.

On February 12, 2025, Debtor filed a response to BNYM's opposition to Debtor's Claim Objection (ECF No. 56). On February 20, 2025, the Chapter 13 Trustee filed an objection to Debtor's Modified Plan (ECF No. 60). On March 7, 2025, Debtor filed a certification in opposition to the Chapter 13 Trustee's objection to the Modified Plan (ECF No. 63). In response, the Chapter 13 Trustee filed a supplemental objection to the Modified Plan on March 11, 2025 (ECF No. 65). At the hearing held the next day, on March 12, 2025, the Court had little difficulty in adopting the position of the Standing Chapter 13 Trustee that, notwithstanding that the Bankruptcy Case had been pending for nearly eight months, the Debtor was not in a position to confirm a plan; the Court denied confirmation and dismissed the Bankruptcy Case. Moreover, the Court stressed that it had no intention of providing yet a third forum for the Debtor to relitigate issues relative to the validity of the assignment of the note and mortgage and the standing of the foreclosing lender. The Court clearly articulated its inclination to abstain from resolution of the claim objection, had it been necessary, in favor of continuation of the pending foreclosure proceeding before the State court:

> THE COURT: I think, well, I actually was unaware of the District Court matter that was pending. Where I may have been aware of it at one point, but I certainly wasn't aware in prepping for today. I'm actually, Mr. Deshmukh [Debtor's prior counsel], I think I'm going to do you more of a favor. I'm going to dismiss this case without prejudice. New counsel, whether it be you or someone else, can come in and start again, but I agree with Mr. Collazo [Staff Attorney for Standing Chapter 13 Trustee] that there's nowhere this case can go . . . So, I'll dismiss the case without prejudice. I'm not ruling on any of the merits of the matters that have been brought before me today, apart from the Court's indication that had it not dismissed the case, it would have abstained and granted stay relief. If I'm dismissing, I don't need to grant stay relief. The parties are free to continue in State Court.

*3/12/2025 Hearing Transcript*, 8:8-25.

On March 13, 2025, the Court entered an order (ECF No. 72) denying without prejudice, the Debtor's Claim Objection. In addition, on March 17, 2025, the Court entered an order dismissing the Bankruptcy Case due to lack of prosecution and Debtor's failure to resolve the Trustee and/or creditor objections. *See Second Dismissal Order*, ECF No. 78. On March 27, 2025, Debtor filed a second motion to vacate dismissal (ECF No. 83) (the "Second Motion to Vacate"). Soon after, Debtor retained new counsel, Mr. Landau, which was followed by a series of adjournment requests by Debtor's new counsel and a flurry of new and late-filed motions: Motion re: Supplement Motion for Judicial Notice (ECF No.87), Motion to Compel the Scheduling of an Evidentiary Hearing and Testimony (ECF No. 89) and Notice of Emergent Motion for Certification of a Federal Question and Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 91). Consideration of the latter motions was deferred, at Debtor's counsel's request, and the Court heard oral argument with respect to the Second Motion to Vacate on July 16, 2025. In the Court's bench ruling denying the Second Motion to Vacate, the Court went to great lengths to once again explain that dismissal of the Bankruptcy Case was bottomed on Debtor's failure to meet the administrative, procedural and substantive requirements necessary to confirm a chapter 13 plan:

> THE COURT: At the time this case was dismissed, it was dismissed for a number of reasons, all relating to the failure to prosecute. The prior counsel had not resolved the issues of the mortgage, primarily, which had to be resolved in order to move forward with confirmation of the debtor's plan. At the prior hearing, I indicated that I was inclined and had I not dismissed the case, I would have abstained from hearing the claims objection with respect to objection to Proof of Claim 5-1. With respect to both proofs of claim that were the subject of objections, there was a failure by counsel at the time to properly file the objections consistent with the local rules. Putting that aside, given the Court's unquestioned right and discretion under 28 U.S.C. 1334(c)(1) to abstain where the interest

of justice or the interest of comity or for respect for State Law from hearing a particular proceeding arising under Title 11, arising in or related to a case under Title 11.

***

The Court explained its inclination to abstain given the State court history which involved at least two foreclosure proceedings. My understanding was at the time that there had been summary judgment in favor of the lender in the State Court matter, but that a final judgment had not been entered as a result of the bankruptcy filing. It was also my understanding that there's been litigation in the District Court
with respect to the validity of and enforceability of the mortgage lien. Those pieces of litigation have gone, have proceeded for years. They went through appeals. My understanding is that the District Court litigation went all the way up to the Third Circuit and back down to the District Court. There have been appeals in the State court, to my understanding. But in light of the history and the standards for permissive abstention, this Court was not going to yet inject itself as a third forum. When looking at the standards for permissive abstention, courts review the effect
on the administration of the estate in light of an abstention, the extent to which State law issues predominate over bankruptcy issues, the difficulty or unsettled nature of applicable State law, the presence of a related proceeding commenced in State court
or other non-bankruptcy courts, the jurisdictional basis, if any, other than 28 U.S.C. Section 1334, also the substance, rather than the form of the asserted matter. And to this Court, two significant issues, the burden on the Court's docket, *but more importantly the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties. These are all well established, recognized standards for permissible abstention…. In essence, this Court viewed the debtor's filing as part of a dilatory strategy trying to find yet another forum to litigate the validity of the mortgage and the enforceability of the*
*mortgage.* And the Court decided at that point in time, given the failure to move the case forward in what was almost a year by the time of the prior hearing, that the court that was in the best position to weigh in on the validity and enforceability of the mortgage was the State court where there was a pending application, I believe, for a final judgment, where there could be further appeals, but not from the inception the bankruptcy court. And given that the plan was not in a position to be confirmed, not only because of a failure to resolve the objections, the claim objections, but also for the other administrative matters noted by the Trustee, the Court dismissed the Chapter 13 case without prejudice and decided that in light of the

> dismissal there was no need to abstain. If I were to vacate the dismissal, I would still be abstaining from hearing the claims objection and you would be back in State court anyway.

*7/16/2025 Hearing Transcript*, 14:7-17:3 (emphasis added).

Subsequent to the hearing, the Court entered an Order Denying the Second Motion to Vacate. *Order Denying Second Motion to Vacate*, ECF No. 96. Simply put, the Debtor had not satisfied **any** of the criteria necessary for relief under either FED. R. CIV. P. 59 or 60. To date, Debtor has not appealed either the Dismissal Order, dated March 17, 2025, or the Second Dismissal Order, dated July 18, 2025. Notwithstanding that the Bankruptcy Case remains dismissed as of March 17, 2025, the deferred motions—which had been continued to a later date at the request of Debtor's counsel—have remained on the Court's calendar (and were continuously adjourned thereafter at counsel's request). What has followed, however, is yet another flurry of last-minute and confusing "supplemental" filings which continue to demand the same relief addressed previously and denied. This Court scheduled oral argument on the Motions for October 23, 2025. In response, BNYM filed certifications in opposition to the Judicial Notice Motion (ECF No. 87) and to the Appeals Motion (ECF No. 91). *See BNYM's pleadings in Opposition*, ECF Nos. 90 and 101. After considering the parties' submissions and oral arguments, the Court held the matters on reserve.

### III. Arguments of the Parties

#### A. The Debtor's Position[4]

The Debtor generally contends that Claim 5-1 misrepresents the facts concerning the chain of title for the note and mortgage on the Property. *See Claim Objection*, ECF No. 33. The Debtor and Co-owner executed a mortgage dated May 2, 2007, which was recorded on June 6, 2007, with

---

[4] This section summarizes the Debtor's position on key issues underlying her Claim Objection (ECF No. 33), which the Debtor asserts in a similar fashion in each Motion (ECF Nos. 87, 91, and 107).

Page **9** of **20**

Countrywide Home Loans, Inc., listing MERS Inc. as nominee for the lender. *Id.* at ¶ 3. On September 21, 2011, MERS purportedly assigned the mortgage to BNYM, which was recorded on October 4, 2011. *Id.* at ¶ 4. The Debtor argues that Claim 5-1 fails to show that BNYM lawfully holds the note and mortgage or acquired them before default to qualify as a secured creditor. *Id.* at ¶ 7. Because MERS Inc. was neither the lender, servicer, nor holder of any beneficial interest, the Debtor maintains that MERS Inc. lacked authority to assign any rights on behalf of Countrywide Home Loans, Inc. *Id.* at ¶ 9-10. The Debtor further asserts that, since Countrywide ceased operations in 2009, it could not have validly transferred any interest in 2011. *Id.* at ¶ 11-13. As a result, the Debtor argues BNYM lacks standing to enforce the note and mortgage as BNYM is not a secured creditor under the Bankruptcy Code, but rather a debt collector.

    B.  **BNYM's Position**

In opposition, BNYM asserts that as Trustee for the Certificate holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-8 Mortgage Pass-Through Certificates, Series 2007-8, BNYM is the current holder of the note and assignee of the mortgage. *See BNYM's Opposition to the Judicial Notice Motion*, ECF No. 90 at ¶ 7. BNYM points out that the issue the Debtor continues to challenge in the Motions – the validity of the assignment of the note and mortgage – has been the subject of litigation in Foreclosure Action 3, the District Court Action, the Third Circuit Appeal 1 and the Third Circuit Appeal 2, all of which ruled against Debtor as to BNYM's standing as the secured lender. *Id*. at ¶ 53. Accordingly, BNYM argues that the Motions merely reiterate arguments previously presented to this Court. Therefore, BNYM maintains that the relief sought in the Debor's Motions should be denied, as it has already been established that BNYM is the lawful holder and assignee of the note and mortgage related to the Property.

IV.     Discussion

   A.  **Summary of Relief Sought**

Debtor's Third Motion to Vacate (ECF No. 107) is titled "Debtor's omnibus Motion to Vacate Void Order of Dismissal in Supplement to the Motion for the court to Take Judicial Notice." The Third Motion to Vacate requests an order: (i) vacating as *void ab initio* the Order of Dismissal entered March 17, 2025; (ii) reinstating Debtor's Chapter 13 Case; (iii) scheduling an evidentiary hearing on Debtor's objection to Proof of Claim 5; and (iv) granting such other and further relief as the Court deems just and proper. Debtor's Judicial Notice Motion (ECF No. 87) is a motion for an order scheduling a hearing so that the Debtor may be heard on the propriety and scope of the judicial notice sought in connection with the Claim Objection and the Third Motion to Vacate under FED. R. EVID. 201(e).

Finally, Debtor's Appeals Motion is titled "Notice of Emergent Motion for Certification of a Federal Question and Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b)" (ECF No. 91). Here, the Debtor moves for an order certifying interlocutory appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1292(b). Debtor makes this motion due to the Court's alleged failure to conduct a mandatory evidentiary hearing under FED. R. EVID. 201(e), improper reliance on unauthenticated documents in violation of FED. R. EVID. 901 and FED. R. CIV. P. 43(c), and the absence of Article III standing by the claimant, which Debtor asserts raises controlling constitutional and statutory questions of law warranting immediate appellate review.

BNYM has submitted pleadings in opposition to the Motions.[5] *See, e.g.,* ECF Nos. 90 and 101. To summarize, BNYM requests that the Court deny the Judicial Notice Motion on the grounds

---

[5] The Debtor filed the Third Motion to Vacate on October 6, 2025, with an application to shorten time requesting that the Court hear the Motions on the same date (ECF No. 108). The Court granted the application to shorten time and scheduled the hearing on the Motions on October 23, 2025, allowing any

that the facts that Debtor seeks to have noticed are subject to reasonable dispute and therefore, Debtor fails to meet the requirements for judicial notice under FED. R. EVID. 201. BNYM further requests that the Court deny the Appeals Motion as Debtor has not met the requirements of 28 U.S.C. § 158(d).[6]

### B. Analysis

### I. There is No Basis Upon Which to Grant Relief Under Fed. R. Civ. P. 60(b)

Once again, the Debtor implores the Court to revisit and *reconsider*[7] the Court's decision to dismiss, without prejudice, the Debtor's Chapter 13 Bankruptcy Case at the scheduled confirmation hearing.[8]

---

objections to the Third Motion to Vacate to be presented orally at the hearing (ECF No. 109). For this reason, BNYM did not submit a pleading in opposition to the Third Motion to Vacate.

[6] As stated in BNYM's Certification of Opposition to the Appeals Motion – and this Court concurs – the Debtor improperly cites to 28 U.S.C. § 1292(b) as the basis for the requested relief despite BAPCPA creating a direct appeal under 28 U.S.C. § 158(d). Therefore, BNYM addresses the Debtor's Appeals Motion under Section 158(d). As set forth in the Analysis Section, the Court also addresses the Appeals Motion under the same rule.

[7] Movant's arguments are multifaceted and at times hard to follow. At the outset, this Court notes that the Federal Rules of Bankruptcy Procedure do not recognize a "motion for reconsideration." A "motion for reconsideration" is not mentioned in either the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure. Nor is it referenced in the Local Bankruptcy Rules. However, litigants may seek relief from any order of the bankruptcy court under FED. R. BANKR. P. 9023 and 9024, which incorporates FED. R. CIV. P. 59(e) and 60(b). Therefore, the Court addresses these two alternate bases for reconsideration.

[8] Curiously, Counsel argues that dismissal of the case at the confirmation hearing, without additional notice, somehow deprives his client of her due process rights, warranting relief. Counsel has overlooked, however, the content of the Notice of Confirmation Hearing generated by our Court and placed on the docket (ECF No. 24), which expressly advises "**If, at the confirmation hearing, it is determined that the debtor's plan is not confirmable, the case may be dismissed or converted.**"

      **a.**    **Motion for Reconsideration under Federal Rule of Civil Procedure 59(e)**

A motion under FED. R. CIV. P. 59(e) is a motion to alter or amend a judgment and is applicable to bankruptcy cases under Rule 9023 of the Federal Rules of Bankruptcy Procedure. A court should only grant a Rule 59(e) motion where the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (*internal quotations and citations omitted*). This Court recognizes that, a motion for reconsideration will not be "used as a vehicle to reargue" matters already argued and disposed of, or as an attempt to relitigate a point of "disagreement" between the [c]ourt and the litigant. *In re Christie*, 222 B.R. 64, 67–68 (Bankr. D.N.J. 1998) (*internal citations and quotations omitted*). A motion under this rule must be filed within 14 days after the judgment has been entered. FED. R. CIV. P. 59(b). Debtor's Third Motion to Vacate was filed on October 17, 2025, nearly 90 days after entry of the Second Dismissal Order and is therefore too late for the Court's consideration.

      **b.**    **Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)**

FED. R. CIV. P. 60(b) is applicable to bankruptcy cases under Rule 9024 of the Federal Rules of Bankruptcy Procedure, and provides that a party seeking relief from a judgment or order must satisfy at least one of the six (6) enumerated bases for relief from any order—many of which mirror the grounds for relief in a Rule 59(e) motion, including "mistake, inadvertence, surprise, or excusable neglect". FED. R. CIV. P 60(b)(1). Rule 60(b) also includes a "catchall" basis which allows reconsideration of a prior order for "any other reason that justifies relief". FED. R. CIV. P. 60 (b)(6). The Supreme Court has recently reaffirmed that a motion for reconsideration under Rule

60(b) is an extraordinary remedy and is only appropriate in select and narrow instances. *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612 (2025). The Debtor has neither argued for—nor demonstrated a basis upon which the Court may grant—relief under FED. R. CIV. P. 60(b) and therefore, her arguments lack legal support.

The Debtor argues that once an objection is filed, the Court must enter findings of fact and conclusions of law because allowance or disallowance of a claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B). As stated above, the Court entered a Second Order of Dismissal on March 17, 2025 (ECF No. 78). Subsequently, on March 27, 2025, the Debtor filed the Second Motion to Vacate. *Second Motion to Vacate*, ECF No. 83. After considering the pleadings, the Court entered an Order denying the Second Motion to Vacate (ECF No. 96). In the denying the Second Motion to Vacate, the Court held in pertinent part:

> [T]he Court previously dismissed the Debtor's Chapter 13 case for failure to prosecute, which included, among other deficiencies, the failure to resolve the Debtor's objection to [BNYM's] proof of claim. The [c]ourt had expressed its intent to abstain from hearing the Debtor's claim objection in favor of final resolution of the pending foreclosure litigation in the New Jersey State Court.

*Order Denying Second Motion to Vacate*, ECF No. 96. Although the Debtor has previously been advised of the Court's reasoning, the Debtor continues to conflate issues by mischaracterizing the basis for dismissal. The Debtor correctly notes the allowance or disallowance of a claim constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2). However, the dismissal of the Debtor's case was bottomed on the Debtor's failure to have her Bankruptcy Case in a position to confirm a plan eight months after it was filed. As noted in the language quoted above from the hearing held on March 12, 2025, the Court expressly ruled that it was **not** adjudicating the allowance/disallowance of BNYM's claim, leaving that task for the State Court. At the heart of Movant's argument is that the Court was lacking the authority to permissibly abstain from hearing and resolving the Claim

Objection—ostensibly a core matter—and, thus, the Court should not have dismissed the Bankruptcy Case without first addressing the Claim Objection. Debtor's understanding of abstention principles under 28 U.S.C. § 1334(c) is simply wrong. Section 1334(c)(1) allows "a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, [to] abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *See Ezell v. PHH Mortgage Corporation*, 2023 WL 5049471, at *2 (Bankr. D.N.J. Aug. 8, 2023) (discussing § 1334(c)(1)); *In re LTC Holdings, Inc.*, 587 B.R. 25, 30 (Bankr. D. Del. 2018) (noting that while mandatory abstention may only be raised on motion by a party, a bankruptcy court may *sua sponte* raise and consider permissive abstention). In determining whether to permissively abstain, courts apply a twelve-factor test, however "not all factors necessarily need to be considered," and courts may "apply the factors flexibly" depending on the facts and issues of the case. *See G-I Holdings*, 2017 WL 1788656, at *13 (D.N.J. May 5, 2017). The twelve factors include:

> (1) The effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of serving state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's dockets; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Ezell*, 2023 WL 5049471 at *3. In applying the factors to the totality of circumstances present in the instant matter, it is clear the Debtor seeks an alternate forum, yet again, to relitigate state-law

foreclosure issues, which have been adjudicated in the State Court and District Court. In sum, the Debtor has therefore not demonstrated any grounds warranting relief from judgment under Rule 60(b).

## II. There is No Basis for the Court to Take Judicial Notice under Fed. R. Evid. 201 in a Dismissed Case

The Debtor's request for judicial notice under FED. R. EVID. 201 is moot, as the underlying Bankruptcy Case remains dismissed and, in any event, does not relate to Debtor's Third Motion to Vacate but instead relates only to the Debtor's Claim Objection, which is no longer pending before the Court.

Even so, and as BNYM points out in its opposition, the facts that Debtor seeks to have judicially noticed are facts and legal conclusions which are subject to reasonable dispute. *See BNYM's Opposition to the Judicial Notie Motion*, ECF No. 90 at ¶ 46. As a preliminary matter, a court may take judicial notice of facts "that [are] not subject to reasonable dispute because [they are] (1) generally known within the trial's court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Moreover, a court "may take judicial notice of adjudicative facts not subject to reasonable dispute . . . so long as it is not unfair to a party to do so and does not undermine the trial court's fact-finding authority." *In re Simon*, 666 B.R. 289, 298, n.19 (Bankr. M.D. Pa. 2025) (quoting *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995)).

Debtor's requests for judicial notice are frivolous. The issue of standing has been raised and litigated in Foreclosure Action 3, the District Court Action, Third Circuit Appeal 1 and Third Circuit Appeal 2. It would be inappropriate for this Court to revisit or otherwise undermine the fact-finding authority of those tribunals. *Id*. Even assuming, *arguendo*, that the foregoing were not true, the Debtor nonetheless concedes in her own filings that the facts she seeks to have judicially

noticed are subject to dispute. For example, in the Appeals Motion, one of the questions Debtor seeks to certify is:

> 1. Whether a bankruptcy court has a mandatory, non-discretionary duty under Federal Rule of Evidence 201(e) to schedule an evidentiary hearing when a party timely objects to judicial notice and requests to be heard, **particularly where the underlying facts are in dispute** and no opposing party has submitted affidavits or competent evidence to rebut those factual challenges.

*Appeals Motion*, ECF No. 91 ¶ at 4 (emphasis added). This proves further that the Debtor has not demonstrated any grounds to warrant judicial notice under FED. R. EVID. 201.

### III. The Dismissal of Debtor's Bankruptcy Case Does Not Raise Any Issues That Merit Direct Appeal

The Debtor does not satisfy the requirements of 28 U.S.C. § 158(d) as fully set forth herein. Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to the court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the Court determines that any of the following exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Subsection 158(d)(2)(B) provides that certification to the Third Circuit Court of Appeals is mandatory if the Court determines that circumstances specified in (i), (ii), or (iii) of subparagraph (A) exists. The direct-appeal pathway for a bankruptcy court order under 28

U.S.C. § 158(d)(2) was enacted to "foster the development of coherent bankruptcy-law precedent" by facilitating "guidance on pure questions of law" from the circuit courts of appeals. *Weber v. United States*, 484 F.3d 154, 158–59 (2d Cir. 2007). It is generally reserved for gaps or conflicts in bankruptcy-law precedent—when the order "involves a question of law as to which there is no controlling decision" or "involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(i), (ii). Certification may also be granted for an order that "involves a matter of public importance" or for which immediate appeal "may materially advance the progress of the case," § 158(d)(2)(A)(i), (iii), but courts construe these secondary provisions "narrowly." *Polk 33 Lending LLC v. THL Corp. Fin., Inc.* (*In re Aerogroup Int'l, Inc.*), 2020 WL 757892, at *5 (D. Del. Feb. 14, 2020).

In the Appeals Motion, the Debtor seeks, in the event the Court denies the Third Motion to Vacate, the certification of alleged constitutional questions for interlocutory appeal to the Third Circuit Court of Appeals, purportedly to address ongoing jurisdictional and constitutional harm. However, the Debtor's reliance on the applicable rule is misplaced. As BNYM correctly notes, no final judgment or order exists with respect to the Debtor's Claim Objection – the very issue underlying the Appeals Motion. *See BNYM's Opposition to the Appeals Motion*, ECF No. 101 at ¶ 51. As stated above, the Court declined to take up Debtor's Claim Objection, in favor of final resolution of the pending foreclosure litigation in State Court. A bankruptcy court may, in the interest of justice, or in the interest of comity with State courts, abstain from hearing a particular proceeding arising or relating to a case under Title 11 of the United States Code. 28 U.S.C. § 1334(c)(1). Moreover, any decision to abstain or not abstain under subsection (c) "**is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . .**" § 1334(d) (*emphasis added*). Here, not only is there no final order with respect to

the allowance of BNYM's claim which can be subject to appellate review[9], but were the Court to abstain from ruling on Debtor's Claim Objection, such a decision is not reviewable on appeal.

Even if the Court entered a disposition on Debtor's Claim Objection, certification ordinarily is inappropriate when there is an opportunity to build additional precedent because the lower court's order involves questions of fact, mixed questions of fact and law, or the application of well-settled law to a particular set of facts. *See Weber v. U.S. Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) ("Congress believed direct appeal would be most appropriate … to resolve a question of law not heavily dependent on the particular facts of a case"). Courts in this circuit have rejected requests to certify fact-bound orders. *See In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012). Similarly, because § 158(d)(2) was enacted to promote the creation of *bankruptcy* precedent, courts have similarly refused to certify cases intertwined with the application of *non-bankruptcy* law. *See, e.g.*, *In re Tribune Co.*, 477 B.R. at 472 ("Interpretation of the PHONES Indenture requires application of state law and is not appropriate for direct appeal to the Third Circuit."); *Am. Home Mortg. Inv. Corp. v. Lehman Bros. Inc.* (*In re Am. Home Mortg. Inv. Corp.*), 408 B.R. 42, 44 (D. Del. 2009) (similar); *Bepco LP v. Globalsantafe Corp. (In re 15375 Mem'l Corp.)*, 2008 WL 2698678, at *1 (D. Del. July 3, 2088) (similar). The instant matter presents the same bar for direct appeal and therefore, the Debtor's request for certification is denied.

---

[9]Again, the Debtor has never filed an appeal in the Bankruptcy Case, and in particular, has never appealed the Court's Dismissal Orders.

## V. Conclusion

For the aforementioned reasons, the Motions (ECF Nos. 87, 91, and 107) are **DENIED**. The Court will enter an appropriate form of Order.

Honorable Michael B. Kaplan  
United States Bankruptcy Judge

Dated: November 24, 2025